UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN GREGA, | ) | CASE NO. 1:17 CV 19 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| CUYAHOGA COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff John Grega brings this *in forma pauperis* action under 42 U.S.C. § 1983 against Defendants Cuyahoga County, Cuyahoga County Sheriff Cliff Pinkney, the State of Ohio, and Lake Erie Correctional Institution. Plaintiff alleges in the Complaint that, in March 2015, he was found guilty of violating a community control sanction, resulting in a four-year prison term. His sentence was vacated by the Ohio Court of Appeals in February 2016 on the ground he had not been advised in his prior sentencing that violation of a community control sanction could result in a prison term. Plaintiff further alleges that, because of neglect by Defendants, he was held for seven additional days after his sentence was vacated.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,*
(continued...)

Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

It is well established that negligence cannot form the basis for a section 1983 action. *Daniels v. Williams*, 474 U.S. 327 (1986). Even construing the Complaint liberally, the facts set forth at most assert negligence on the part of Defendants. Thus, even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim.

Accordingly, this action is dismissed under section 1915(e). The dismissal is without prejudice to any valid state law claims Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: May 3, 2017    *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

(...continued)
507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).